STERRY BAKER *vs.* MICHAEL COLLINS.

If A. is indebted to B. for the price of intoxicating liquors sold in violation of law, and B. is indebted to C. for a legal consideration, and A. executes, for his indebtedness to B., a note and mortgage to C., who has knowledge of the illegality of the debt to B., such note and mortgage are invalid.

WRIT OF ENTRY to foreclose a mortgage. The defendant specified, among other grounds of defence, that the note secured by the mortgage was given to take up other notes, which were given for the price of intoxicating liquors sold to him in violation of law.

At the trial in the superior court, before *Brigham,* J., there was evidence to show that at the date of the mortgage the defendant was indebted to the firm of Wesson & Baker upon two notes, amounting together to $785,04, given for intoxicating liquors sold by them to him in violation of the laws of Massachusetts and Rhode Island; that Wesson & Baker were indebted to the plaintiff, who was the father of the Baker of said firm, in a sum exceeding $1000; and that, by an arrangement between said Baker and the defendant, the latter executed to the plaintiff a note for $1000 and the mortgage now in controversy, taking from Wesson & Baker their note for the difference. The jury found specially that the plaintiff, at the time of the execution of the mortgage, had notice that the note of $1000 was given partly in consideration of the defendant's indebtedness to Wesson & Baker for intoxicating liquors sold in violation of the laws of Massachusetts and Rhode Island; and, under the instructions of the judge, returned a verdict for the defendant. The plaintiff alleged exceptions.

*J. M. Morton, Jr.,* for the plaintiff.

*C. I. Reed,* for the defendant.

CHAPMAN, J. The defendant was indebted to the firm of Wesson & Baker for intoxicating liquors which they had illegally sold to him. A part of the liquors were sold to him in this state, in violation of our laws, and a part were sold in Rhode Island, in violation of the laws of that state. For this

indebtedness Wesson & Baker took two notes, which it is admitted were void in their hands. The plaintiff, with full knowledge of all the facts, took the mortgage and note which are the foundation of the present claim, in payment of this indebtedness, and also in payment of a further sum, for which said Wesson & Baker gave to the defendant their due bill. The form of the arrangement which was made between Wesson & Baker and the plaintiff is not material. The negotiation was managed by Baker, who was the plaintiff's son, and the result of it is that the plaintiff's note and mortgage have no consideration except the liquors unlawfully sold and the due bill.

The plaintiff contends that the consideration is not the liquors sold, but the sum of $1000 which he credited to Wesson & Baker on his claims against them. But in order to enable himself to resort to such a subterfuge, it would have been necessary for him to pay the money to Collins, and for Collins to pay it to Wesson & Baker, and then they could have paid it back to the plaintiff. If the transaction had taken that form, it might have been less apparent than it now is that the note of the plaintiff was given in payment of the original notes.

*Exceptions overruled.*